IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WILLIE MELVIN JONES, CORNELL )<br>WHITE, TERRENCE FRANKLIN, )<br>And SCANDOLPH AYERS, )<br>)<br>**Defendants.** )<br>_____) | **CRIMINAL INDICTMENT**<br><br>**1:09-CR-177-WSD-GGB** |

## **ORDER AND OPINION**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation ("R&R") [155] regarding Defendant Jones' Preliminary Motion to Suppress Evidence Obtained from Searches Pursuant to Electronic Tracking Devices [79], Defendant Jones' Motion to Suppress Wiretap Intercepts [83], Defendant Franklin's Motion to Suppress Wiretap Intercepts [77], and Defendant Ayers' Motion to Adopt the co-Defendants Motions [82].

**I.     Standard of Review on Magistrate Judge's R&R**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Rule 59 of the Federal

Rules of Criminal Procedure; Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

No objections were made to the Magistrate Judge's R&R and the Court reviews it for plain error.

**II.   Discussion**

   **A.   Motion to Suppress Pre-Warrant Tracking Device Evidence**

The Motion here seeks to suppress evidence that Defendants believe was collected by the Government from tracking devices placed on two vehicles owned by Jones before the Government obtained warrants to place the devices on these vehicles.  Jones does not challenge the post-warrant evidence collected or the act of placing the devices on the vehicles.

The Magistrate Judge found that evidence was not collected from the tracking devices before the warrants authorizing placement of the tracking devices were issued and, thus, there is no evidence to suppress. Because no evidence had been collected, the Magistrate Judge recommended the motion be denied. Finding there is no plain error in the Magistrate Judge's R&R, the Court denies the Motion to Suppress Evidence Obtained from Searches Pursuant to Electronic Tracking Device.

    B.    <u>Motion to Suppress Wiretap Intercepts</u>

At the suppression hearing on the Motion to Suppress Wiretap Intercepts, the Magistrate Judge directed each Defendant to state how they qualified under 18 U.S.C. § 2510(11) as an aggrieved person permitted to challenge the communications intercepted and to identify the specific communications sought to be challenged and suppressed. Defendants failed to provide the Magistrate Judge with the information required. Specifically, they failed to show that they were an aggrieved person and failed to identify the communications sought to be suppressed. There being no plain error in the Magistrate Judge's recommendation

that the Motions to Suppress Wiretap Intercepts be denied, the Court agrees that the motions are required to be denied.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation [155].

**IT IS FURTHER ORDERED** that Defendant Jones' Preliminary Motion to Suppress Evidence Obtained from Searches Pursuant to Electronic Tracking Devices and Motion to Suppress Wiretap Intercepts [79; 83],[2] Defendant Franklin's Motion to Suppress Wiretap Intercepts [77] and Defendant Ayers' Motion to Adopt [82] are **DENIED**.

**SO ORDERED** this 28th day of May, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In failing to provide the information required by the Magistrate Judge, the Court also concludes that the Defendants have abandoned their motion to suppress intercepted communications.

[2] The Court notes that Defendant Jones pled guilty on April 14, 2010, and thus, his motions [79; 83] also are denied as moot.